125 F.3d 857
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Warren R. BARTHOLOMEW, Plaintiff-Appellee,
v.
STATE FARM FIRE AND CASUALTY COMPANY, Defendant-Appellant.
 No. 95-56483.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 10, 1997 Pasadena, California
Decided Oct. 2, 1997.
 
 1
 Appeal from the United States District Court for the Southern District of California Rudi M. Brewster, District Judge, Presiding
 
 
 2
 Before PREGERSON and HAWKINS, Circuit Judges, and WEINER,** District Judge.
 
 
 3
 MEMORANDUM*
 
 
 4
 In this bad faith insurance and breach of contract action brought by Warren Bartholomew ("Bartholomew"), State Farm Fire and Casualty Company ("State Farm") appeals the district court's judgment entered after a jury verdict, and the district court's denial of State Farm's post-trial motion for judgment as a matter of law. We reverse. Because the parties are familiar with the facts, we need not repeat them here.
 
 I.
 
 5
 State Farm's May 20, 1993 decision to investigate whether it should backdate Bartholomew's homeowners policy did not trigger a duty to defend. While it is true that an insurer's duty to defend "arises if the facts known to the insurer indicate a potential or possibility for indemnity," an insurer has no such duty if, "at the time of its decision, it can prove that the claim cannot fall within policy coverage." National Steel Corp. v. Golden Eagle Ins. Co., No. 95-17291, 1997 WL 438464, * 2 (9th Cir. Aug. 6, 1997).
 
 
 6
 Because Bartholomew's rental dwelling policy did not potentially cover his assault on train conductor Thomas Guilbault, State Farm had no duty to defend him in an underlying action regarding that incident.
 
 II.
 
 7
 In October 1991, Bartholomew was covered by a rental dwelling policy. Nine months later, State Farm changed his policy to a homeowners policy, a policy which potentially covered the Guilbault incident. When Bartholomew requested that this homeowners policy be backdated to cover October 1991, State Farm took that request into consideration. State Farm informed Bartholomew that it was investigating his policy coverage on May 20, 1993. State Farm ultimately decided, on October 4, 1993, to backdate the homeowners policy and immediately assumed
 
 
 8
 The October 4 decision created a duty to defend Bartholomew in the Guilbault matter. It did not, however, retroactively extend that duty back to May 20, 1993, as the district court incorrectly found. Rather, on May 20, 1993, Bartholomew's actions of October 1991 were only covered under the rental dwelling policy. Because that policy did not potentially cover the attack on Guilbault, this incident was not covered under any policy until October 4, 1993.
 
 
 9
 Under California law, an insurer's duty to defend "arises from the contractual provisions contained in its policy." Frank and Freedus v. Allstate Ins. Co., 52 Cal.Rptr.2d 678, 683 (Ct.App.1996). Because no insurance contract existed under which Bartholomew's October 1991 acts could have been covered until October 4, 1993, State Farm could not possibly have breached any duty to defend any time prior to October 4, 1993. See Waller v. Truck Ins. Exch., Inc., 900 P.2d 619, 627 (1995).
 
 III.
 
 10
 Because State Farm did not breach its duty to defend, Bartholomew is not entitled to any compensatory damages, including those for emotional distress.
 
 
 11
 Similarly, absent proof of economic injury, State Farm can not be liable for bad faith or punitive damages. Waters v. United Servs. Auto. Ass'n., 48 Cal.Rptr.2d 910, 921 n. 16 (Ct.App.1996).
 
 IV.
 
 12
 In instructing the jury that State Farm's duty to defend existed as of May 20, 1993, the district court misstated the law. We find that, as a matter of law, no duty to defend existed prior to October 4, 1993. Moreover, we find that State Farm did not breach its duty to defend Bartholomew. Accordingly, Bartholomew is not entitled to any damages and the entry of judgment must be reversed.
 
 
 13
 REVERSED.
 
 
 
 **
 Honorable Charles R. Weiner, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3